**HAINES LAW GROUP, APC**
Paul K. Haines (SBN 248226)
phaines@haineslawgroup.com
Tuvia Korobkin (SBN 268066)
tkorobkin@haineslawgroup.com
Fletcher W. Schmidt (SBN 286462)
fschmidt@haineslawgroup.com
Andrew J. Rowbotham (SBN 301367)
arowbotham@haineslawgroup.com
2274 East Maple Ave.
El Segundo, California 90245
Tel: (424) 292-2350
Fax: (424) 292-2355

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL RODRIGUEZ as an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>JEROME'S FURNITURE WAREHOUSE, a California Corporation; and DOES 1 through 10,<br><br>Defendants. | CASE NO. **'17 CV0460 L      NLS**<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT:**<br><br>**(1) FAILURE TO PAY ALL OVERTIME WAGES (LABOR CODE §§ 204, 510, 558, 1194, 1198);**<br><br>**(2) FAIR LABOR STANDARDS ACT, (29 U.S.C. § 201 et seq.);**<br><br>**(3) MEAL PERIOD VIOLATIONS (LABOR CODE §§ 226.7, 512, 558);**<br><br>**(4) WAGE STATEMENT VIOLATIONS (LABOR CODE § 226 *et seq.*);**<br><br>**(5) WAITING TIME PENALTIES (LABOR CODE §§ 201-203); and**<br><br>**(6) UNFAIR COMPETITION (BUS & PROF CODE § 17200 *et seq.*)** |

1

**DEMAND FOR JURY TRIAL**
**UNLIMITED CIVIL CASE**

Plaintiff Miguel Rodriguez (hereinafter "Plaintiff") on behalf of himself and all others similarly situated, hereby brings this Class and Collective Action Complaint against Jerome's Furniture Warehouse, a California Corporation; and DOES 1 to 100, inclusive (collectively "Defendants"), and on information and belief alleges as follows:

## JURISDICTION

1.      Plaintiff, on behalf of himself and all others similarly situated, hereby brings this class and collective action for recovery of unpaid wages and penalties under the Fair Labor Standards Act ("FLSA"), California Business and Professions Code § 17200, *et. seq.*, Labor Code §§ 201-204, 226 *et seq.*, 510, 512, 558, 1194, 1198, and Industrial Welfare Commission Wage Order 7 ("Wage Order 7"), in addition to seeking injunctive relief, declaratory relief and restitution.

2.      This Court has jurisdiction over Defendants' violations of the FLSA pursuant to 29 U.S.C. § 216 and 28 U.S.C. § 1331 because the action asserts rights arising under federal law. This Court has jurisdiction over Defendants' violation of the Labor Code sections set forth in the immediately preceding paragraph, California Business and Professions Code and Wage Order 7, because these claims derive from the same common nucleus of operative facts.

## VENUE

3.      Venue is proper under 28 U.S.C. 1391 because Defendants do business in within the Southern District of California and the acts alleged herein took place within the Southern District of California. Defendants are also subject to the personal jurisdiction of this Court pursuant to 28 U.S.C. 1391(c), because at

CLASS AND COLLECTIVE ACTION COMPLAINT

least some of them operate businesses where they employed Plaintiff within the Southern District of California.

**PARTIES**

4.      Plaintiff is an individual over the age of eighteen (18). At all relevant times herein, Plaintiff was and currently is, a California resident. During the four years immediately preceding the filing of the Complaint in this action and within the statute of limitations periods applicable to each cause of action pled herein, Plaintiff was employed by Defendants as a non-exempt employee. Plaintiff was, and is, a victim of Defendants' policies and/or practices complained of herein, lost money and/or property, and has been deprived of the rights guaranteed to him by the FLSA, California Labor Code §§ 201-204, 226 *et seq.*, 510, 512, 558, 1194, 1198, California Business and Professions Code § 17200 *et seq.* ("Unfair Competition Law"), and Wage Order 7, which sets employment standards for the mercantile industry.

5.      Plaintiff is informed and believes, and based thereon alleges, that during the four years preceding the filing of the Complaint and continuing to the present, Defendants did (and continue to do) business by providing furniture for retail and wholesale purchase, and employed Plaintiff and other, similarly-situated non-exempt employees within San Diego County and the state of California and, therefore, were (and are) doing business in San Diego County and the State of California.

6.      Plaintiff does not know the true names or capacities, whether individual, partner, or corporate, of the Defendants sued herein as DOES 1 to 10, inclusive, and for that reason, said Defendants are sued under such fictitious names, and Plaintiff will seek leave from this tribunal to amend this Complaint when such true names and capacities are discovered. Plaintiff is informed, and believes, and based thereon alleges, that each of said fictitious Defendants, whether individual, partners, or corporate, were responsible in some manner for the acts and omissions

CLASS AND COLLECTIVE ACTION COMPLAINT

alleged herein, and proximately caused Plaintiff and the Classes (as defined in Paragraph 14) to be subject to the unlawful employment practices, wrongs, injuries and damages complained of herein.

7. Plaintiff is informed, and believes, and thereon alleges, that at all times mentioned herein, Defendants were and are the employers of Plaintiff and all members of the Classes.

8. At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants, and employees of each and every one of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned were acting within the course and scope of said agency and employment. Defendants, and each of them, approved of, condoned, and/or otherwise ratified each and every one of the acts or omissions complained of herein.

9. At all times mentioned herein, Defendants, and each of them, were members of and engaged in a joint venture, partnership, and common enterprise, and acting within the course and scope of and in pursuance of said joint venture, partnership, and common enterprise. Further, Plaintiff alleges that all Defendants were joint employers for all purposes of Plaintiff and all members of the Classes.

## CLASS AND COLLECTIVE ALLEGATIONS

10. Plaintiff was employed by Defendants as a non-exempt employee at the Rancho Bernardo facility from approximately July 25, 2005 to approximately June 2016.

11. During Plaintiff's employment with Defendants, Plaintiff routinely worked in excess of eight hours per workday and/or forty hours per workweek, but did not receive overtime compensation equal to one and one half times his regular rate of pay for all overtime hours worked. Specifically, Defendants paid Plaintiff bonuses based on productivity, and/or other forms of non-discretionary incentive

pay (hereinafter the aforementioned forms of pay are collectively referred to as "Incentive Pay"), not excludable under California Law and the FLSA when calculating an employee's regular rate. However during a portion of the class period, Defendants failed to properly include all forms of Incentive Pay when calculating Plaintiff's regular rate of pay for overtime purposes. Instead, Plaintiff was paid less than one and one half times (or two times in the case of double-time hours) the legal regular rate of pay for overtime hours worked. Defendants' failure to properly calculate Plaintiff's regular rate of pay to include the various forms of Incentive Pay earned during corresponding time periods, led to a systematic underpayment of Plaintiff's overtime wages during time periods in which he both received Incentive Pay and worked overtime hours.

12. Plaintiff was also not provided all required meal periods due to Defendants' meal period policies/practices which fail to provide a timely first meal period (before the end of the fifth hour of work) as well as a second meal period for shifts over 10.0 hours. In practice, Plaintiff was typically provided his first meal period after the end of his fifth hour of work. Additionally, Plaintiff worked shifts over 10.0 hours and was not provided a second 30-minute meal period due to Defendants' meal period policies/practices which fail to provide for any second meal periods. On those occasions when Plaintiff was not provided with all legally-compliant meal periods to which he was entitled, Defendants failed to compensate Plaintiff with the required meal period premium for each workday in which he experienced a meal period violation as mandated by Labor Code § 226.7. Upon information and belief, Defendants did not pay any putative class members any meal period premiums during the putative class period.

13. As a result of Defendants' failure to pay all overtime and meal period premium wages, Defendants maintained inaccurate payroll records and issued inaccurate wage statements to Plaintiff. Further, Defendants' wage statements during a portion of the class period were facially deficient as they failed to

CLASS AND COLLECTIVE ACTION COMPLAINT

accurately list all applicable hourly rates in effect during the pay period in violation of Labor Code § 226(a)(9). Additionally, as a result of Defendants' failure to pay all overtime wages and meal period premiums, Defendants failed to pay all final wages owed to Plaintiff upon his separation of employment from Defendants.

14. Class Definitions: Plaintiff brings this action on behalf of himself and the following Classes pursuant to Rule 23 of the Rules of Federal Procedure and the FLSA:

a. The Overtime Class consists of all Defendants' current and former non-exempt employees in California who worked more than eight hours per day and/or forty hours per week and received Incentive Pay during a corresponding time period, from September 23, 2012 to the present.

b. The FLSA Overtime Class consists of all Defendants' current and former hourly non-exempt employees throughout the United States, who worked more than forty hours per week and received Incentive Pay during a corresponding time period, from September 23, 2013 to the present.

c. The Meal Period Class consists of all Defendants' current and former non-exempt employees in California who: (i) worked at least one shift in excess of 5.0 hours, and whose time records do not reflect a meal period of at least 30 minutes in duration commencing prior to the conclusion of the fifth hour of work, and who do not have a corresponding meal period premium payment made for such shifts; and/or (ii) worked at least one shift in excess of 10.0 hours and whose time records do not reflect a second meal period of at least 30 minutes in duration commencing prior to the conclusion of the tenth hour of work, and who do not have a corresponding meal period premium payment made for such shifts, from September 23, 2012 to the present.

d. The Wage Statement Class consists of all members of the Overtime Class, Meal Period Class, and/or any employee who received a wage statement that

failed to accurately list all applicable hourly rates in effect during the pay period, from September 23, 2015 to the present.

e.     The Waiting Time Class consists of all formerly employed members of the Overtime Class and Meal Period Class, who separated their employment from Defendants at any point after September 23, 2013.

15.     **Numerosity/Ascertainability**: The members of the Classes are so numerous that joinder of all members would be unfeasible and not practicable. The membership of the Classes and Subclasses are unknown to Plaintiff at this time; however, it is estimated that the members of the Classes number greater than one thousand (1,000) individuals. The identity of such membership is readily ascertainable via inspection of Defendants' employment records.

16.     **Common Questions of Law and Fact Predominate/Well Defined Community of Interest**: There are common questions of law and fact as to Plaintiff and all other similarly situated employees, which predominate over questions affecting only individual members including, without limitation to:

   i.     Whether Defendants violated the applicable Labor Code provisions including, but not limited to §§ 510 and 1194 by requiring overtime work and not paying for said work according to the overtime laws of the State of California;

   ii.    Whether Defendants failed to properly include all forms of compensation when computing the respective regular rates for members of the California and FLSA Overtime Classes;

   iii.   Whether Defendants' policies and/or practices for determining the regular rate of pay for purposes of overtime compensation to the Overtime Class violated California law and/or the FLSA;

   iv.    Whether Defendants maintained legally compliant meal period policy during the relevant time period; and

   v.     Whether Defendants policies and/or practices for the timing and

CLASS AND COLLECTIVE ACTION COMPLAINT

amount of payment of final wages at the time of separation from employment were unlawful.

17. **Predominance of Common Questions**: Common questions of law and fact predominate over questions that affect only individual members of the Classes. The common questions of law set forth above are numerous and substantial and stem from Defendants' policies and/or practices applicable to each individual class member, such as Defendants' uniform method of calculating the regular rate of pay, and uniform meal period policies/practices. As such, the common questions predominate over individual questions concerning each individual class member's showing as to their eligibility for recovery or as to the amount of their damages.

18. **Typicality**: The claims of Plaintiff are typical of the claims of the Classes because Plaintiff was employed by Defendants as an hourly non-exempt employee in California and the United States during the statutes of limitations applicable to each cause of claim pled in the Complaint. As alleged herein, Plaintiff, like the members of the Classes, was deprived of all earned overtime, was not provided with all legally compliant meal periods, did not receive meal period premium wages in lieu of missed or non-compliant meal periods, received inaccurate and facially deficient wage statements, and did not receive all final wages owed to him upon his separation of employment from Defendants.

19. **Adequacy of Representation**: Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the members of the Classes. Moreover, Plaintiff's attorneys are ready, willing and able to fully and adequately represent the members of the Classes and Plaintiff. Plaintiff's attorneys have prosecuted and defended numerous wage-and-hour class actions in state and federal courts in the past and are committed to vigorously prosecuting this action on behalf of the members of the Classes.

20. **Superiority**: The California Labor Code is broadly remedial in nature and serves an important public interest in establishing minimum working conditions

and standards in California. Similarly, the FLSA is remedial in nature and serves an important public interest in establishing minimum working conditions and standards through the United States. These laws and labor standards protect the average working employee from exploitation by employers who have the responsibility to follow the laws and who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment. The nature of this action and the format of laws available to Plaintiff and members of the Classes make the class action format a particularly efficient and appropriate procedure to redress the violations alleged herein. If each employee were required to file an individual lawsuit, Defendants would necessarily gain an unconscionable advantage since they would be able to exploit and overwhelm the limited resources of each individual Plaintiff with their vastly superior financial and legal resources. Moreover, requiring each member of the Class to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damages to their careers at subsequent employment. Further, the prosecution of separate actions by the individual Class members, even if possible, would create a substantial risk of inconsistent or varying verdicts or adjudications with respect to the individual Class members against Defendants herein; and which would establish potentially incompatible standards of conduct for Defendants; and/or legal determinations with respect to individual Class members which would, as a practical matter, be dispositive of the interest of the other Class members not parties to adjudications or which would substantially impair or impede the ability of the Class members to protect their interests. Further, the claims of the individual members of the Class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses attending thereto.

21. As such, the Classes identified in Paragraph 14 are maintainable as

Classes under Rule 23(b)(1) and/or Rule 23(b)(3) and/or the FLSA.

## FIRST CLAIM

## FAILURE TO PAY ALL OVERTIME WAGES

## (AGAINST ALL DEFENDANTS)

22. Plaintiff re-alleges and incorporates by reference all previous paragraphs as though fully set forth herein.

23. This cause of action is brought on behalf of the California Overtime Class pursuant to Labor Code §§ 204, 510, 558, 1194, and 1198, which provide that hourly non-exempt employees are entitled to all overtime wages and compensation for hours worked, and provide a private right of action for the failure to pay all overtime compensation for overtime work performed.

24. Plaintiff and members of the California Overtime Class, worked overtime hours and were paid various forms of Incentive Pay, which are not statutory exclusions when calculating an employee's regular rate. At all times relevant herein, Defendants were required to properly compensate hourly non-exempt employees, including Plaintiff and members of the California Overtime Class, for all overtime hours worked pursuant to California Labor Code § 1194 and Wage Order 7. Wage Order 7, § 3 requires an employer to pay an employee "one and one-half (1½) times the employee's regular rate of pay" for work in excess of eight hours per workday and/or in excess of forty hours of work in the workweek. Wage Order 7, § 3 also requires an employer to pay an employee double the employee's regular rate of pay for work in excess of twelve hours each work day and/or for work in excess of eight hours on the seventh consecutive day of work in the workweek.

25. Plaintiff is informed and believes, and based thereon alleges that, Defendants regularly and systematically, as a policy and practice, miscalculated the overtime rate of pay by failing to properly include the various forms of Incentive Pay paid to Plaintiff and members of the California Overtime Class, which are not

statutory exclusions when calculating an employee's regular rate of pay. Rather, Plaintiff and members of the California Overtime Class were only paid one and a half times their base rate, which was not equal to the regular rate, as Defendants failed to include the various forms of Incentive Pay earned during corresponding periods that were required to be included in the regular rate, but were not. Accordingly, Plaintiff and members of the California Overtime Class were not compensated at the appropriate rates of overtime pay for all overtime hours worked. Furthermore, Defendants maintained a policy or practice of requiring work on seven consecutive days, without paying overtime and double-time compensation for hours worked on the seventh consecutive workday.

26. Defendants' policy/practice of requiring overtime work and not paying at the proper overtime rates for said work violates California Labor Code §§ 204, 210, 216, 510, 558, 1194, and 1198; and Wage Order 7.

27. The foregoing policies/practices alleged herein are unlawful and create entitlement to recovery by Plaintiff and the members of the California Overtime Class in a civil action for the unpaid amount of overtime wages, including interest thereon, statutory penalties, civil penalties, attorneys' fees, and costs of suit according to California Labor Code §§ 204, 210, 216, 510, 558, 1194, and 1198; and Code of Civil Procedure § 1021.5

## SECOND CLAIM

## FLSA VIOLATIONS

## (AGAINST ALL DEFENDANTS)

28. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

29. This claim is brought pursuant to 29 U.S.C. § 207, which requires employers to pay all non-exempt employees one and one-half times the regular rate of pay for all hours worked in excess of 40 per workweek.

CLASS AND COLLECTIVE ACTION COMPLAINT

30.     Plaintiff and members of the FLSA Overtime Class worked in excess of 40 hours per workweek, earned overtime compensation, and received various forms of Incentive Pay, which are not exclusions when calculating the regular rate of pay.  Plaintiff is informed and believes, and based thereon alleges that, Defendants regularly and systematically, as a policy and practice, miscalculated the overtime rate of pay by failing to properly include the various forms of Incentive Pay paid to Plaintiff and members of the FLSA Overtime Class, which are not statutory exclusions when calculating an employee's regular rate of pay. Rather, Plaintiff and members of the FLSA Overtime Class were only paid one and a half times their base rate, which was not equal to the regular rate, as Defendants failed to include the various forms of Incentive Pay earned during corresponding periods that were required to be included in the regular rate, but were not. Accordingly, Plaintiff and members of the FLSA Overtime Class were not compensated at the appropriate rates of overtime pay for all hours worked.

31.     Defendants' policy and practice of requiring overtime work and not paying at the proper overtime rate for said work violates the FLSA's overtime requirements including, but not limited to 29 U.S.C. § 207.

32.     Defendants' policies and practices, as alleged, constitute a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255.

33.     Defendants' policy and practice of failing to include all forms of Incentive Pay in the overtime rate calculations for Plaintiff and members of the FLSA Overtime Class creates an entitlement to recovery by Plaintiff and members of the FLSA Overtime Class in a civil action for the unpaid amount of overtime premiums owing, including liquidated damages, attorneys' fees and costs, per 29 U.S.C. § 216 and interest thereon.

///

///

///

## **THIRD CLAIM**

## **MEAL PERIOD VIOLATIONS**

## **(AGAINST ALL DEFENDANTS)**

34. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

35. Plaintiff is informed and believes, and based thereon alleges, that Defendants failed in their affirmative obligation to provide all of their non-exempt employees in California, including Plaintiff and members of the Meal Period Class, with all legally-compliant meal periods in accordance with the mandates of the California Labor Code and Wage Order 7, § 11. Despite Defendants' violations, Defendants did not pay an additional hour of pay to Plaintiff and members of the Meal Period Class at their respective regular rates of pay, in accordance with California Labor Code §§ 204, 210, 226.7, and 512.

36. As a result, Defendants are responsible for paying premium compensation for meal period violations pursuant to Labor Code §§ 226.7, 512, and 558, and Wage Order 7, including interest thereon, statutory penalties, civil penalties, and costs of suit.

## **FOURTH CLAIM**

## **WAGE STATEMENT VIOLATIONS**

## **(AGAINST ALL DEFENDANTS)**

37. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

38. Plaintiff is informed and believes, and based thereon alleges that, Defendants knowingly and intentionally, as a matter of uniform policy and practice, failed to furnish Plaintiff and members of the Wage Statement Class with accurate and complete wage statements as described herein, in violation of Labor Code § 226.

39. Defendants' failure to furnish Plaintiff and members of the Wage

Statement Class with complete and accurate itemized wage statements resulted in actual injury, as said failures led to, among other things, the non-payment of all their overtime and meal period premium wages, as well as deprived them of the information necessary to identify the discrepancies in Defendants' reported data.

40.     Defendants' failure creates an entitlement to recovery by Plaintiff and members of the Wage Statement Class in a civil action for all damages and/or penalties pursuant to Labor Code § 226, including statutory penalties, civil penalties, reasonable attorney's fees, and costs of suit according to California Labor Code §§ 226 and 226.3 and 2698 *et seq*.

### FIFTH CLAIM

### WAITING TIME PENALTIES

### (AGAINST ALL DEFENDANTS)

41.     Plaintiff re-alleges and incorporates by reference all previous paragraphs.

42.     This cause of action is brought pursuant to Labor Code §§ 201-203, which require an employer to pay all wages immediately at the time of separation of employment in the event the employer discharges the employee or the employee provides at least 72 hours of notice of their intent to quit. In the event the employee provides less than 72 hours of notice of their intent to quit, said employee's wages become due and payable not later than 72 hours upon said employee's last date of employment.

43.     Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to timely pay Plaintiff and members of the Waiting Time Class all final wages due to them at their separation from employment, including unpaid overtime wages.

44.     Further, Plaintiff is informed and believes, and based thereon alleges, that as a matter of uniform policy and practice, Defendants continue to fail to pay Plaintiff and members of the Waiting Time Class all earned wages at the end of

employment in a timely manner pursuant to the requirements of Labor Code §§ 201-203.

45.     Defendants' failure to pay all final wages was willful within the meaning of Labor Code § 203. Defendants' willful failure to timely pay Plaintiff and the members of the Waiting Time Class their earned wages upon separation from employment results in a continued payment of wages up to thirty days from the time the wages were due.

46.     Therefore, Plaintiff and members of the Waiting Time Class are entitled to compensation pursuant to Labor Code § 203, plus reasonable attorneys' fees and costs of suit.

## **SIXTH CLAIM**
### **UNFAIR COMPETITION**
### **(AGAINST ALL DEFENDANTS)**

47.     Plaintiff re-alleges and incorporates by reference all previous paragraphs.

48.     Defendants have engaged and continue to engage in unfair and/or unlawful business practices in California in violation of California Business and Professions Code § 17200 *et seq.*, by failing to properly pay all overtime wages, provide all required meal periods, or pay meal period premium payments in lieu thereof, failing to provide accurate wage statements, and failing to pay all final wages owed to employees upon their separation from employment with Defendants.

49.     Defendants' utilization of these unfair and/or unlawful business practices deprived Plaintiff and continues to deprive members of the Classes of compensation to which they are legally entitled, constitutes unfair and/or unlawful competition, and provides an unfair advantage over Defendants' competitors who have been and/or are currently employing workers and attempting to do so in honest compliance with applicable wage and hour laws.

50.     Because Plaintiff is a victim of Defendants' unfair and/or unlawful

conduct alleged herein, Plaintiff for himself and on behalf of the members of the Classes, seeks full restitution of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by Defendants pursuant to Business and Professions Code §§ 17203 and 17208.

51.     The acts complained of herein occurred within the last four years immediately preceding the filing of the Complaint in this action.

52.     Plaintiff was compelled to retain the services of counsel to file this Complaint to protect his interests and those of the Classes, to obtain restitution and injunctive relief on behalf of Defendants' current non-exempt employees, and to enforce important rights affecting the public interest. Plaintiff has thereby incurred the financial burden of attorneys' fees and costs, which he is entitled to recover under Code of Civil Procedure § 1021.5.

## PRAYER

WHEREFORE, Plaintiff prays for judgment for himself and for all others on whose behalf this suit is brought against Defendants, as follows:

1.     For an order certifying the proposed Classes;

2.     For an order appointing Plaintiff as representative of the Classes;

3.     For an order appointing Counsel for Plaintiff as Counsel for the Classes;

4.     Upon the First Claim, for compensatory, consequential, general and special damages according to proof pursuant to Labor Code §§ 204, 510, 558, 1194, and 1198;

5.     Upon the Second Claim, for compensatory, consequential, liquidated, general and special damages pursuant to 29 U.S.C. §§ 207 and 216.

6.     Upon the Third Claim, for compensatory, consequential, general and special damages according to proof pursuant to Labor Code §§ 226.7, 512, and 558;

7.     Upon the Fourth Cause of Action, for statutory penalties pursuant to Labor Code § 226;

CLASS AND COLLECTIVE ACTION COMPLAINT

8. Upon the Fifth Claim, for statutory waiting time penalties pursuant to Labor Code § 203;

9. Upon the Sixth Cause of Action, for restitution to Plaintiff and members of the Class of all money and/or property unlawfully acquired by Defendants by means of any acts or practices declared by this tribunal to be in violation of Business and Professions Code § 17200 *et seq.*;

10. Prejudgment interest on all due and unpaid wages pursuant to California Labor Code § 218.6 and Civil Code §§ 3287 and 3289;

11. On all claims, for attorneys' fees and costs as provided by Labor Code §§ 226, 1194 *et seq.*, and Code of Civil Procedure § 1021.5; and

12. For such other and further relief the tribunal may deem just and proper.

Respectfully submitted,
Dated: March 7, 2017          HAINES LAW GROUP, APC


By:     _/s/Paul K. Haines_____
Paul K. Haines
Attorneys for Plaintiff


## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial with respect to all issues triable by jury.


Respectfully submitted,
Dated: March 7, 2017          HAINES LAW GROUP, APC


By:     _/s/Paul K. Haines_____
Paul K. Haines

CLASS AND COLLECTIVE ACTION COMPLAINT