UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

MIGUEL RODRIGUEZ,

Plaintiff,

v.

JEROME'S FURNITURE WAREHOUSE,

Defendant.

Case No.: 3:17-cv-00460-L-NLS

**ORDER (1) DENYING MOTION TO COMPEL ARBITRATION; (2) DENYING MOTION TO DISMISS; AND (3) GRANTING MOTION TO STAY**

Pending before the Court is Defendant Jerome Furniture Warehouse's ("Defendant") motion [Doc. 14] to compel Plaintiff Miguel Rodriguez ("Plaintiff") to submit his claims to arbitration, dismiss the complaint for refiling in state court, or stay litigation pending a forthcoming Supreme Court decision. The Court decides the matter on the papers submitted and without oral argument. See Civ. L. R. 7.1(d.1). For the reasons stated below, the Court **DENIES** Defendant's motions to compel and dismiss and **GRANTS** Defendant's motion to stay.

//

//

//

//

## I. BACKGROUND

Plaintiff served as a non-exempt employee for Defendant from approximately July 25, 2005 until June 2016. During his employment, Plaintiff alleges he often worked more than eight hours a day and forty hours a week without receiving overtime compensation. Plaintiff also alleges he was not provided required meal periods and did not receive compensation for these missed meal periods. Because of these violations, Plaintiff alleges Defendant failed to provide him properly itemized wage statements or prompt payment of all wages due upon separation.

Plaintiff entered into an Arbitration Agreement [Doc. 12-2 Ex. B][1] with Defendant in 2013. The Arbitration Agreement provides that the parties shall submit all disputes that arise out of the employment context to binding arbitration. (Arbitration Agreement.) The Arbitration Agreement also contains a Class Action Waiver [Arbitration Agreement § g] which provides

> THE COMPANY AND I AGREE THAT EACH OF US MAY BRING CLAIMS AGAINST THE OTHER ONLY IN OUR INDIVIDUAL CAPACITIES, AND NOT AS A PLAINTIFF OR CLASS MEMBER IN ANY PURPORTED CLASS OR REPRESENTATIVE PROCEEDING.

(Class Action Waiver.)

On September 23, 2016, Plaintiff filed a demand for class wide arbitration with JAMS.[2] (Demand [Doc. 12-3 Ex. E].) The Demand alleged violations of the California Labor Code and California's Unfair Competition Law (the "UCL"), Cal Bus. & Prof. Code §17200 *et seq*, in the form of failure to pay overtime; failure to provide meal periods or premium pay; failure to provide accurate wage statements; and failure to promptly pay owed wages upon separation. (See Demand.) Defendant filed a motion with the arbitrator objecting to class wide arbitration, instead seeking to compel

---

[1] Plaintiff entered into another arbitration agreement in 2015, however, the full copy of the 2015 agreement is not on file and there is no dispute that the two agreements are substantively identical as pertains to the present dispute. (See Mot. 2:22 n.2.)

[2] JAMS is a company that provides arbitration and other alternative dispute resolution services.

individual arbitration. (Tesauro Decl. [Doc. 12-3] ¶ 5.) Plaintiff subsequently dismissed his demand.

On December 5, 2016, Plaintiff filed a PAGA, Cal Lab. Code § 2698 *et seq.*, claim with the California Superior Court, County of San Diego. (Doc. 12-4 Ex. F.) The state court PAGA claim does not allege failure to pay overtime. (See Id.) Otherwise, it alleges substantially the same claims based on the same conduct as alleged in the Demand, but on a representative basis. (See Id.) Subsequently, on March 7, 2017, Plaintiff filed a class and collective action Complaint with this Court alleging substantially the same claims based on the same conduct as alleged in the Demand, but with the addition of a Fair Labor Standards Act ("FLSA") claim under 29 U.S.C. § 207. (Complaint [Doc. 1].) Defendant now moves the Court to either (1) compel arbitration; (2) dismiss the Complaint for refiling in state court; or (3) stay this litigation pending the Supreme Court's decision on a Ninth Circuit case that is dispositive of this motion. (Mot. [Doc. 12].) Plaintiff opposes. (Opp'n [Doc. 13].)

## II. MOTION TO COMPEL ARBITRATION

There is no dispute as to the fact that the Federal Arbitration Act ("FAA") governs here. Under the FAA, a Court need consider only two questions to determine whether to compel arbitration: (1) is there a valid agreement to arbitrate? And, if so, (2) does the agreement cover the matter in dispute? *Chiron Corp. v. Ortho Diagnostic Systems, Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000). The Arbitration Agreement clearly covers the matters in dispute here. Accordingly, the Court need only consider whether the Arbitration Agreement is valid.

An agreement to arbitrate is "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Under California law, the elements of a valid contract are (1) parties capable of contracting; (2) mutual consent; (3) a lawful object; and (4) consideration. Cal. Civ. Code § 1550. However, a court will not enforce an otherwise valid contract if there exists a

viable defense, such as illegality. 1 Witkin, Summary 10th (2005) Contracts, § 331, p. 365.

Plaintiff argues that the Arbitration Agreement is illegal, and therefore invalid, because the Class Action Waiver violates the National Labor Relations Act ("NLRA"). Section 7 of the NLRA provides that

> [e]mployees shall have the right to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection. . ."

29 U.S.C. § 157. Plaintiff argues that this language creates a federal substantive right on behalf of employees to join together in class action litigation to prosecute employment disputes. In support, Plaintiff cites *Morris v. Ersnt & Young, LLP*, 834 F.3d 975 (9th Cir. 2016), *cert. granted*, 85 U.S.L.W. 3341 (U.S. Jan. 13, 2017) (No. 16–300).

In *Morris*, Plaintiff Morris filed class and collective action claims against his employer, Ernst & Young, alleging that it violated the Fair Labor Standards Act and California labor laws by misclassifying him and others similarly situated as exempt employees to avoid paying them overtime. *Morris*, 834 F.3d at 979. Because Morris had signed an arbitration agreement purporting to require him to bring all legal claims against Ernst & Young via arbitration as an individual and in separate proceedings, Ernst & Young moved to compel arbitration. *Id.* Morris opposed by arguing that the arbitration agreement, by requiring only individual prosecution of employment claims, violated his federal substantive rights under the NLRA to engage in "concerted action" against his employer. *Id.* at 979–80. The Ninth Circuit agreed. *Id.* at 990.

The parties are in disagreement as to whether the Ninth Circuit's decision in *Morris* compels the finding that the Class Action Waiver at issue here violates the NLRA. Defendant presents two arguments as to why *Morris* does not compel such a holding. First, Defendant seems to argue that *Morris* is not controlling because (1) other federal circuits have held that the Fair Labor Standards Act does not create a substantive right to concerted action and (2) the Supreme Court has granted *certiorari* on the *Morris*

decision. This argument is problematic because, regardless of what other circuit courts may have decided on an issue, it is hornbook law that this Court is bound by a published Ninth Circuit decision unless and until it is overturned by Congress, the Ninth Circuit, or the Supreme Court. *See United States v. Frank*, 956 F.2d 872, 882 (9th Cir. 1991). Accordingly, the Court finds that the Class Action waiver is illegal and therefore invalid.

Where an arbitration agreement contains an illegal term, that "term may excised, or the district court may decline enforcement of the contract altogether." *Morris*, 834 F.3d at 985 (internal citations omitted). Excising the Class Action Waiver would amount to compelling arbitration on a class wide basis. In *Stolt-Nielsen S.A. v. Animal Feeds Int'l Corp.*, the Supreme Court affirmed that "a party may not be compelled under the FAA to submit to class arbitration unless there is a contractual basis for concluding that the party agreed to do so." 559 U.S. 662, 684 (2010). Because the Arbitration Agreement explicitly purports to prohibit class arbitration, it is clear that the parties did not contract to submit to class arbitration. *See Gonzalez v. Ceva Logistics, U.S., Inc.*, 2016 WL 6427866 *7 (N.D. Cal. 2016) (same holding). It follows that the illegality of the Class Action Waiver renders the entire arbitration agreement invalid.

Next, Defendant argues at length that, by initiating class wide arbitration, Plaintiff waived its right to object to the Arbitration Agreement. (MTD 6:9–9:11; Reply 2:2–5:9.) It is clearly established law that the doctrine of waiver can defeat a motion to compel arbitration. *Martin v. Yasuda*, 829 F.3d 1118, 1125 (9th Cir. 2016). Defendant therefore argues that "it stands to reason that there can be a similar waiver of objections to arbitration agreements." (Mot. 6:25–26.) However, (1) Defendant fails to cite *a single authority* in either its Motion or Reply that supports this proposition; (2) the Court does not believe such authority exists; and (3) it would seem plainly offensive to the public policies underpinning the NLRA to deny Plaintiff the right to contest this illegal contract. For these reasons, the Court finds the waiver argument unpersuasive.

Lastly, Defendant argues that, even if the Arbitration Agreement is invalid, Plaintiff's conduct of filing a demand for class wide arbitration created a valid arbitration

agreement between the parties. (Mot. 10:1–21.) Furthermore, Defendant contends that, under this agreement, the issue of arbitrability is for the arbitrator, not the Court. (Id. citing JAMS Rule 11.) The Court disagrees.

Had Defendant agreed to Plaintiff's Demand for class wide arbitration, this argument might have merit. But Defendant did not agree to class wide arbitration. Rather, Defendant rejected the class wide arbitration Demand by filing a motion with the arbitrator to compel individual arbitration. (Tesauro Decl. [Doc. 12-3] ¶ 5.) Plaintiff subsequently dismissed his Demand. Construing Plaintiff's Demand for class wide arbitration as an offer to contract, Defendant simply never accepted this offer. Thus, the parties' conduct before the arbitrator did not establish the mutual consent necessary for contract formation. Accordingly, the Court **DENIES** Defendant's motion to compel arbitration.

## III. MOTION TO DISMISS

Defendant also argues that this Court should dismiss this case for refiling in the California Superior Court. More specifically, Defendant argues that Plaintiff's PAGA claim, pending in the California Superior Court, substantially overlaps, both factually and legally, with the issues presented by Plaintiff's Complaint filed with this Court. Thus, Defendant argues, dismissing this case for refiling in state court would conserve judicial resources as multiple courts would not have to expend energy considering the same issues.

The Court agrees with Defendant that combining the two proceedings into one consolidated action would serve the public interest by conserving scarce judicial resources. That said, federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 817 (1976) (internal citations omitted). Thus, a "substantial doubt as to whether the state court proceeding will resolve the federal action" precludes a federal

court from abstaining jurisdiction. *Intel Corp. v. Advanced Micro Devices, Inc.*, 12 F.3d 908, 913 (9th Cir. 1983).

Here, resolution of the state court proceeding would not resolve the case before this Court. The Complaint filed with this Court presents Fed. R. Civ. P. 23 class action issues that the state court PAGA action will not even touch upon. *See Bauman v. Chase Inv. Servs. Corp.*, 747 F.3d 1117, 1124 (9th Cir. 2014) (Stating "in the end, Rule 23 and PAGA are more dissimilar than alike. A PAGA action is at heart a civil enforcement action filed on behalf of and for the benefit of the state, not a claim for class relief."). Accordingly, the Court **DENIES** Defendant's motion to dismiss.

## IV. MOTION TO STAY

Defendant also moves to stay this litigation until the Supreme Court decides *Morris*. If the Supreme Court reverses *Morris*, Plaintiff would have to bring his claims via individual arbitration. If the Supreme Court affirms, Plaintiff would be able to bring his claims in this Court on a collective and class wide basis. Thus, the outcome of *Morris* will be dispositive as to whether arbitration or litigation in court is the proper method of dispute resolution here.

This Court has discretion to grant this stay. *Landis v. North American Co., 299 U.S. 248, 256* (1936). However, doing so requires consideration of three factors: (1) the possible damage from granting the stay; (2) possible hardship or inequity of denying the stay; and (3) the orderly course of justice. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962); *McElrath v. Uber Technologies*, 2017 WL 1175591 *5 (N.D. Cal 2017).

Here, the possible damage from granting the stay is minimal. The Supreme Court will decide *Morris* this term, meaning the stay would be less than one year. Further, the only harm Plaintiff is likely to suffer as a result of this short stay is a delay in monetary recovery. Defendant, by contrast, will certainly incur significant legal fees and costs if forced to continue litigating in this Court. If the Supreme Court reverses the Ninth Circuit's decision in *Morris*, such fees and costs would largely constitute waste. So too

would the scarce judicial resources that continued litigation would consume. Accordingly, the Court finds a stay pending the Supreme Court's decision in *Morris* is warranted and **GRANTS** Defendant's motion to stay.

## V. <u>CONCLUSION AND ORDER</u>

For the foregoing reasons, the Court **DENIES** Defendant's motion to compel arbitration and motion to dismiss for refiling in state court and **GRANTS** Defendant's motion to stay pending the outcome of *Morris*. All litigation is hereby stayed until further order from this Court. The parties are ordered to jointly notify the Court within five days of the Supreme Court's decision in *Ernst & Young v. Morris*, 137 S.Ct. 809 (2017).

**IT IS SO ORDERED.**

Dated: July 24, 2017

Hon. M. James Lorenz
United States District Judge